SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RENSSELAER

---

HOOSICK FALLS ASSOCIATES,

        Plaintiff,

    - against -

SAINT-GOBAIN PERFORMANCE PLASTICS
CORPORATION and HONEYWELL INTERNATIONAL
INC.,

        Defendants.

**SUMMONS**

Index No.: DO 25 2833
Date Filed: 4/15/2016

Filed for Record in: Rensselaer County
Recorded At: Apr 15,2016 01:24P
Type: Index Number
Doc #: 00252833
Amount:       210.00
Receipt #: 1014000

---

To the above-named Defendants:

    YOU ARE HEREBY SUMMONED and required to serve upon Plaintiff's attorneys an

Answer to the Complaint in this action twenty (20) days after the service of this Summons,

exclusive of the day of service, or within thirty (30) days after service is complete if this Summons

is not personally delivered to you within the State of New York. In case of your failure to answer,

judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: April 15, 2016

        COUCH WHITE, LLP

        Adam J. Schultz, Esq.
        Alita J. Giuda, Esq.
        *Attorneys for Plaintiff,*
        *Hoosick Falls Associates*
        540 Broadway
        P.O. Box 22222
        Albany, New York 12201-2222
        Telephone: (518) 426-4600

Trial is desired in the County of Rensselaer.
The basis of venue designated above is based on the location of the subject property.

S:\DATA\Client20 17601-18000\17671\Pleadings\Summons (04-15-16).docx

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RENSSELAER

_____

HOOSICK FALLS ASSOCIATES,

              Plaintiff,                **COMPLAINT**

   - against -                      Index No.: 00252833

SAINT-GOBAIN PERFORMANCE PLASTICS
CORPORATION and HONEYWELL INTERNATIONAL
INC.,

              Defendants.

Filed for Record in: Rensselaer County
Recorded At: Apr 15,2016 01:24P
As Index Number
Doc #: 00252833
Amount:        210.00
Receipt #: 1014000

_____

       Plaintiff, Hoosick Falls Associates ("HFA"), by its attorneys, Couch White, LLP, as and

for its Complaint against the defendants, Saint-Gobain Performance Plastics Corporation ("Saint-

Gobain") and Honeywell International Inc. ("Honeywell") (collectively "Defendants"), hereby

alleges as follows:

<u>**THE PARTIES**</u>

     1.     Plaintiff, HFA, is a foreign limited partnership organized under the laws of the

Commonwealth of Pennsylvania, with its principal place of business in New York, New York.

     2.     HFA owns a twelve (12) acre property that contains a 20,732 square foot free

standing grocery store, Topps Friendly Market, located at 21495 New York State Route 22,

Hoosick Falls, New York 12090 (the "Property").

     3.     Upon information and belief, Defendant, Saint-Gobain, is a foreign business

corporation organized under the laws of the State of California, with a principal place of business

in Valley Forge, Pennsylvania.

     4.     Upon information and belief, Saint-Gobain owns and operates a manufacturing

plant located at 14 McCaffrey Street, Hoosick Falls, New York 12090 (the "Plant").

5.     Upon information and belief, Defendant Honeywell is a foreign business corporation organized under the laws of the State of Delaware, with a principal place of business in Morris Plains, New Jersey.

6.     Upon information and belief, Honeywell was the owner and operator of the Plant before it was purchased by Saint-Gobain in 1996.

## BACKGROUND

7.     Upon information and belief, as early as 2003, the United States Environmental Protection Agency (the "EPA") ordered a phase-out of the use of a chemical known as perfluorooctanoic acid ("PFOA").

8.     Upon information and belief, Saint-Gobain did not take action to exercise care with PFOA in response to the announcement of the phase-out.

9.     Upon information and belief, Saint-Gobain knew that there were high levels of PFOA in the groundwater water near the Plant as early as 2014.

10.     On or about November 10, 2015, the public became aware that water samples near the Plant tested positive for high levels of PFOA.

11.     On or about this time, the New York State Department of Environmental Conservation ("DEC") began investigating the presence of PFOA in the Village of Hoosick Falls (the "Village").

12.     Defendants were named by the DEC as "parties responsible" for the PFOA contamination in the Village.

13.     The DEC listed the Plant as an Inactive Hazardous Waste Disposal Site on or about

2

February 16, 2016.

    14.    The Plant was listed as a Class 2 site.

    15.    A Class 2 site presents a significant threat to public health and/or the environment.

    16.    The Plant was listed as a Class 2 site because PFOA:

> [H]as been detected at elevated levels in groundwater at 14 McCaffrey Street in the Village of Hoosick Falls. The Village and New York State Department of Health (NYSDOH) have also identified PFOA at concentrations exceeding applicable standards, criteria, and guidance values in the Village's public water supply system and in several non-municipal wells in the Town of Hoosick. Actions are needed to reduce human exposures to PFOA in these water supplies and perhaps others, as well sampling continues. NYSDOH has also identified lower concentrations of PFOA in private wells and other public water supplies in the Town. Overall, actions are needed to identify the source(s) of this contamination, to define the nature and extent of contamination in groundwater and other environmental media, and to evaluate and address associated human exposures. *See* Inactive Hazardous Waste Disposal Site Classification Notice, *available at* http://www.dec.ny.gov/data/der/factsheet/442046class2.pdf.

    17.    Upon information and belief, overexposure to PFOA can result in certain forms of cancer and other serious health risks.

    18.    The surrounding community was warned not to drink, cook with, or bathe in tap water and to switch to bottled water.

    19.    Since November, 2015, hundreds of private wells in the Village of Hoosick Falls have been tested for PFOA.

    20.    Upon information and belief, numerous wells contained PFOA.

    21.    Upon information and belief, over one hundred wells contained more than 100 parts per million of PFOA.

    22.    All of these actions suggest an illegal discharge occurred.

23.   Daily news coverage of this crisis ensued by many media outlets.

24.   The news of the municipal and private well water contamination spread rapidly.

25.   Hoosick Falls has become irreparably linked with contaminated water and PFOA.

26.   Upon information and belief, even the nationally acclaimed environmental activist Erin Brockovich, whose toxic tort work was the subject of a major motion picture, visited Hoosick Falls.

## THE PROPERTY

27.   Upon information and belief, the Property is located less than one thousand, five hundred feet (1,500) from the Plant.

28.   The Property and the Plant are three tenths (.3) of a mile or two (2) minutes apart by car.

29.   Prior to the public health crisis caused by the Defendants, HFA had listed the Property for sale with The Howard Group.

30.   The Property is a twelve (12) acre lot with a well-maintained 20,732 square foot grocery store on it.

31.   Its market value as of November, 2015 was $2,100,000.

32.   HFA received expressions of interest in purchasing the Property from three (3) interested buyers in the past several months.

33.   These expressions of interest were received before the PFOA crisis commenced.

34.   Shortly after the news began to spread about the polluted drinking water, all three potential buyers advised that they had no further interest in pursuing a purchase of the Property as a result of the PFOA crisis.

4

35.    HFA has not received any other expressions of interest or offers for the Property since.

36.    It is likely that HFA never will.

### THE STIGMA

37.    The notoriety and public awareness of the heavily contaminated groundwater at the Plant and continued presence of PFOA in the public water supply is pervasive.

38.    Buyers are reasonably fearful of buying property in an area that has a water supply replete with a cancer-causing chemical.

39.    Moreover, buyers are reasonably fearful of buying property that is within walking distance of a Superfund site.

40.    Even though steps are being taken to install filtration systems, the damage may be so extensive that those efforts would be insufficient to address the contamination.

41.    It has been reported that once PFOA enters the environment it stays there indefinitely.

42.    It has been reported that an amount as small as one drop of water in a large swimming pool is enough to cause serious damage.

43.    The investigation into the source and nature of the contamination has only just begun.

44.    Any remediation to occur will take a span of months or years to complete.

45.    Even after remediation is complete, the public may be reasonably fearful as to whether the contamination has been fully addressed.

46.    Buyers are reasonably fearful of purchasing property in an area that may be

contaminated for the foreseeable future and beyond.

47.    Accordingly, the damage done to the public perception of Hoosick Falls and the properties located therein cannot be undone with a filtration system or any other "fix."

48.    This news has spread across New York State.

49.    The fear is and will remain persistent.

50.    The presence of a celebrity environmental activist and State and Federal agencies heighten the perceived severity of the situation.

51.    The stigma is permanent.

52.    As such, market value of the Property has been substantially diminished, if not rendered altogether valueless.

53.    HFA therefore cannot sell the property as planned.

54.    HFA is permanently harmed by the actions of the Defendants.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST THE DEFENDANTS IN NEGLIGENCE

55.    Plaintiff repeats and realleges each and every allegation contained in paragraphs of "1" through "54" above, with full force and effect as if set forth at length herein.

56.    Defendants, through their acts and omissions, negligently or recklessly caused PFOA to enter the water surrounding the Plant.

57.    Defendants failed to exercise due care in causing PFOA to enter the water surrounding the Plant.

58.    Defendants had a duty to maintain its property in a reasonably safe manner that would not cause injury to surrounding properties.

59.    Defendants disregarded the safety and welfare of others in allowing the PFOA to

6

migrate off of the Plant premises.

60.    Upon information and belief, Defendants knew or should have known that PFOA was an abnormally dangerous and ultrahazardous substance which could cause irreparable harm to the property of HFA and the Village if caused to be released into the environment..

61.    As a result of the known dangerous and hazardous qualities of PFOA, Defendants had a duty to act with the utmost care to ensure proper disposal of the PFOA it used and the waste therefrom.

62.    Upon information and belief, Saint-Gobain was aware that the EPA had ordered companies to phase out the use of PFOA in 2003.

63.    Saint-Gobain did not take action to exercise care with PFOA in response to the announcement of the phase-out.

64.    Defendants breached their duties when they negligently or recklessly caused entry of PFOA into the groundwater which caused groundwater contamination within the Village and on surrounding properties.

65.    Defendants breached their duties in that they should have known that the manner in which they disposed of PFOA was inappropriate for the disposal of an abnormally dangerous and ultrahazardous substance.

66.    Defendants breached their duties in that they should have known that the Plant was an inappropriate location for the disposal of an abnormally dangerous and ultrahazardous substance.

67.    Defendants knew or should have known that their actions or inactions would lead to contamination of the public water supply.

7

68. Defendants knew or should have known that such contamination would elicit fear from the public.

69. Defendants knew or should have known that such fear would negatively impact the market value of the Property.

70. The Property is physically located less than one thousand five hundred (1,500) feet from the Plant.

71. The Property is three tenths (.3) of a mile away from the Plant or two (2) minutes away by car.

72. As a result of Defendants' actions or inactions, the groundwater in the Village was contaminated.

73. As a result of Defendants' actions or inactions, the groundwater on HFA's Property may be impacted.

74. A public health crisis has ensued from Defendants' actions or inactions.

75. This public health crisis has resulted in extensive media coverage and intervention by New York State officials.

76. Due to the reasonable and unreasonable fears of the public caused by Defendants' negligent or reckless contamination, stigma, caused by the Property's proximity to the Plant and its Hoosick Falls address, in general, has been created.

77. This stigma has, at a minimum, substantially diminished the market value of the Property, and possibly rendered it valueless.

78. The Property previously had a market value of $2.1 million dollars.

79. Currently, no buyer will purchase the property.

8

80.    As such its current market value for resale is $0.

81.    The stigma has also substantially interfered with Plaintiff's ability to enjoy and use its property in the manner it chooses, and to avail itself of its property's value as an asset and/or source of collateral for financing.

82.    HFA seeks damages in the amount of $2.1 million, as well as any costs incurred to address the stigma created as a result of Defendants' negligence.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST THE DEFENDANTS IN NEGLIGENCE PER SE

83.    Plaintiff repeats and realleges each and every allegation contained in paragraphs of "1" through "82" above, with full force and effect as if set forth at length herein.

84.    Defendants, through their acts and omissions, were and are in violation of their obligations under numerous Federal and State statutes.

85.    By way of example, Defendants, through their acts and omissions, were and are in violation of their obligations pursuant to New York State Environmental Conservation Law (the "ECL), including but not limited to the obligations set forth in:

      a.    § 17-0501;

      b.    § 27-0914; and

      c.    § 37-0107.

86.    Defendants were in possession of PFOA, a hazardous substance under the ECL.

87.    Defendants caused PFOA to be discharged into surrounding ground and/or surface waters.

88.    Defendants disposed of PFOA without authorization.

89.    Defendants released PFOA into the environment in contravention of the ECL.

9

90.     These actions also violated DEC regulations.

91.     Such statutory violations constitute negligence per se.

92.     As a result of such negligence, HFA was injured.

93.     HFA is injured because the market value of the Property has been substantially diminished, if not, rendered valueless due the associated stigma.

94.     Defendants' acts and omissions constituting negligence per se have also substantially interfered with Plaintiff's ability to enjoy and use its property in the manner it chooses, and to avail itself of its property's value as an asset and/or source of collateral for financing.

95.     HFA seeks damages in the amount of $2.1 million as well as any costs incurred to address the stigma created as a result of Defendants' negligence.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST THE DEFENDANTS IN STRICT LIABILITY
## FOR ABNORMALLY DANGEROUS ACTIVITY

96.     Plaintiff repeats and realleges each and every allegation contained in paragraphs of "1" through "95" above, with full force and effect as if set forth at length herein.

97.     Defendants' manufacturing processes and negligent, reckless, and/or intentional handling of PFOA constituted an abnormally dangerous activity for which Defendants are strictly liable.

98.     Defendants' use and disposal of PFOA or other waste containing PFOA was inappropriate to the place where it was carried out based upon, among other things, the proximity of Defendants' facility to sources of drinking water relied upon by residents of Hoosick Falls and Defendants' mishandling of the PFOA.

10

99.     Defendants' use and disposal of PFOA, and reckless disregard for the consequences of those actions, carried a high degree of risk of harm to others and a likelihood that any such harm would be great.

100.    As a result of Defendants' conduct, the State of New York has, among other things, designated the Village of Hoosick Falls a Superfund Site and engaged in response actions to begin to address the contamination.

101.    As a result of Defendants' abnormally dangerous activities, Plaintiff has suffered harm to its property.

102.    Defendants' abnormally dangerous activities have also substantially interfered with Plaintiff's ability to enjoy and use its property in the manner it chooses, and to avail itself of its property's value as an asset and/or source of collateral for financing.

WHEREFORE, Plaintiff demands judgment:

1.      Against Defendants Saint-Gobain and Honeywell on its First Cause of Action in the amount of $2.1 million for loss of market value, inability to avail itself of its property's value as an asset and/or source of collateral for financing, and any costs incurred to address the stigma created as a result of Defendants' negligence, together with interest thereon.

2.      Against Defendants Saint-Gobain and Honeywell on its Second Cause of Action in the amount of $2.1 million for loss of market value, inability to avail itself of its property's value as an asset and/or source of collateral for financing, and any costs incurred to address the stigma created as a result of Defendants' negligence, together with interest thereon.

11

3.    Against Defendants Saint-Gobain and Honeywell on its Third Cause of Action in the amount of $2.1 million for loss of market value, inability to avail itself of its property's value as an asset and/or source of collateral for financing, and any costs incurred to address the stigma created as a result of Defendants' abnormally dangerous activities, together with interest thereon.

4.    For costs and disbursements of this action and such other and further relief as the Court may deem just and proper.

Dated: April 15, 2016
       Albany, New York                              COUCH WHITE, LLP


                                                     _____
                                                     Adam J. Schultz, Esq.
                                                     Alita J. Giuda, Esq.
                                                     *Attorneys for Plaintiff*
                                                     *Hoosick Falls Associates*
                                                     540 Broadway
                                                     P.O. Box 22222
                                                     Albany, NY 12201-2222
                                                     Telephone: (518) 426-4600

S:\DATA\Client20 17601-18000\17671\Pleadings\Complaint (04-15-16).docx

12

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RENSSELAER

HOOSICK FALLS ASSOCIATES,

                    Plaintiff,

        -against-

SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION
and HONEYWELL INTERNATIONAL, INC.,

                    Defendants

## SUMMONS and COMPLAINT

## COUCH WHITE, LLP
### COUNSELORS AND ATTORNEYS AT LAW

*Attorneys for*   *Plaintiff, HOOSICK FALLS ASSOCIATES*

540 BROADWAY
P. O. BOX 22222
ALBANY, NEW YORK 12201
(518) 426-4600

Due and timely service of a copy of the within                    is hereby admitted.
Dated,
Attorney(s) for                    ............................................................................

NOTICE OF ENTRY
    Please take notice that the within is a true copy of a

duly entered in the office of the clerk of the within named court on                    20

NOTICE OF SETTLEMENT
    Please take notice that an order of which the within is a true copy will be presented for settlement to the
Hon.                                                        one of the judges of the within named
Court,
at
on the                    day of                    at        M.
Dated,                    Yours, etc,

## COUCH WHITE, LLP
### COUNSELORS AND ATTORNEYS AT LAW

To                                        *Attorneys for*

Attorney(s) for                              540 BROADWAY
                                        P. O. BOX 22222
                                        ALBANY, NEW YORK 12201
                                        (518) 426-4600

20160502046

20160502046

DOS 470 (Rev. 10/09)

**DEPARTMENT OF STATE**
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231-0001

**Return Services Requested**



USPS CERTIFIED MAIL

9214 8969 0059 7935 2856 18

20160502O719
C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY NY, 12207-2543

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RENSSELAER

HOOSICK FALLS ASSOCIATES,

               Plaintiff,

    - against -

SAINT-GOBAIN PERFORMANCE PLASTICS
CORPORATION and HONEYWELL INTERNATIONAL
INC.,

               Defendants.

**AFFIDAVIT OF
PERSONAL SERVICE**

Index No.: 00252833

| | | |
|---|---|---|
| STATE OF NEW YORK | ) | |
| | ) ss.: | |
| COUNTY OF ALBANY | ) | |

Received
County Clerks Office
Apr 26,2016 03:43P
Rensselaer County
Frank J Merola

TERRI MARSHALL, being duly sworn, deposes and says:

1.     Deponent is not a party to this action, is over the age of 18 years and resides in Greene County, New York.

2.     That on the 22nd day of April 2016, at approximately 2:00 p.m., deponent did serve two copies of a Summons and Complaint, both dated and filed April 15, 2016, in the above-captioned matter pursuant to §306 of the Business Corporation Law upon **Saint-Gobain Performance Plastics Corporation**, an authorized (active) corporation and a defendant in this action, by personally delivering to and leaving with Chad Matice, Business Document Specialist 1, who advised deponent that he was authorized by the Secretary of State, State of New York to receive such service, at the office of the New York State Department of State, 99 Washington Avenue, 6th Floor, Albany, New York 12231, together with the necessary forms and the sum of Forty Dollars ($40.00) payable to the Department of State, the statutory fee.

3.   Description of the person served:

Approximate age: 40
Approximate weight: 170 lbs.
Approximate height: 5'10"
Sex: Male
Color of Hair: Brown
Color of Skin: Caucasian

TERRI MARSHALL

Sworn to before me this
22nd day of April, 2016.

Notary Public

**GEN SCOFIELD**
**Notary Public, State of New York**
**No. 01SC6233573**
**Qualified in Schoharie County**
**Commission Expires December 27, 20___**

S:\DATA\Client20 17601-18000\17671\Pleadings\AoPS DOS (St.Gobain-inactive) 04-22-16.docx

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RENSSELAER

HOOSICK FALLS ASSOCIATES,

          Plaintiff,

    - against -

SAINT-GOBAIN PERFORMANCE PLASTICS
CORPORATION and HONEYWELL INTERNATIONAL
INC.,

          Defendants.

**AFFIDAVIT OF
PERSONAL SERVICE**

Index No.: 00252833

```
              Received
          County Clerks Office
          Apr 26,2016 03:43P
          Rensselaer County
            Frank J Merola
```

STATE OF NEW YORK  )
               ) ss.:
COUNTY OF ALBANY  )

    TERRI MARSHALL, being duly sworn, deposes and says:

    1.    Deponent is not a party to this action, is over the age of 18 years and resides in Greene County, New York.

    2.    That on the 22nd day of April 2016, at approximately 2:00 p.m., deponent did serve two copies of a Summons and Complaint, both dated and filed April 15, 2016, in the above-captioned matter pursuant to §306 of the Business Corporation Law upon **Honeywell International, Inc.**, an authorized corporation and a defendant in this action, by personally delivering to and leaving with Chad Matice, Business Document Specialist 1, who advised deponent that he was authorized by the Secretary of State, State of New York to receive such service, at the office of the New York State Department of State, 99 Washington Avenue, 6th Floor, Albany, New York 12231, together with the necessary forms and the sum of Forty Dollars ($40.00) payable to the Department of State, the statutory fee.

3.   Description of the person served:

Approximate age: 40
Approximate weight: 170 lbs.
Approximate height:  5'10"
Sex: Male
Color of Hair:  Brown
Color of Skin: Caucasian

TERRI MARSHALL

Sworn to before me this
22nd day of April, 2016.

Notary Public

S:\DATA\Client20 17601-18000\17671\Pleadings\AoPS DOS (Honeywell-inactive) 04-22-16.docx

GEN SCOFIELD
Notary Public, State of New York
No. 01SC6233573
Qualified in Schoharie County
Commission Expires December 27, 20__

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RENSSELAER

HOOSICK FALLS ASSOCIATES,

Plaintiff,

- against -

SAINT-GOBAIN PERFORMANCE PLASTICS
CORPORATION and HONEYWELL INTERNATIONAL
INC.,

Defendants.

**AFFIDAVIT OF
PERSONAL SERVICE**

Index No.: 00252833

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF ALBANY    )

     TERRI MARSHALL, being duly sworn, deposes and says:

    1.    Deponent is not a party to this action, is over the age of 18 years and resides in Greene County, New York.

    2.    That on the 22nd day of April 2016, at approximately 2:00 p.m., deponent did serve two copies of a Summons and Verified Complaint, both dated and filed April 15, 2016, in the above-captioned matter pursuant to §306 of the Business Corporation Law upon **Saint-Gobain Performance Plastics Corporation**, an authorized (active) corporation and a defendant in this action, by personally delivering to and leaving with Chad Matice, Business Document Specialist 1, who advised deponent that he was authorized by the Secretary of State, State of New York to receive such service, at the office of the New York State Department of State, 99 Washington Avenue, 6th Floor, Albany, New York 12231, together with the sum of Forty Dollars ($40.00) payable to the Department of State, the statutory fee.

3.      Description of the person served:

Approximate age: 40
Approximate weight: 170 lbs.
Approximate height: 5'10"
Sex: Male
Color of Hair: Brown
Color of Skin: Caucasian

_____
TERRI MARSHALL

Sworn to before me this
22nd day of April, 2016.

_____
Notary Public
S:\DATA\Client\20 17601-18000\17671\Pleadings\AoPS DOS (St.Gobain-active) 04-22-16.docx

RYAN BALZER
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01BA6248421
QUALIFIED IN ALBANY COUNTY
COMMISSION EXPIRES SEPTEMBER 19, 2019

2016 APR 28  PM 3 31
FRANK J. MEROLA
OFFICE OF
RENSSELAER COUNTY
CLERK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RENSSELAER

_____

HOOSICK FALLS ASSOCIATES,

               Plaintiff,

    - against -

SAINT-GOBAIN PERFORMANCE PLASTICS
CORPORATION and HONEYWELL INTERNATIONAL
INC.,

              Defendants.

_____

**AFFIDAVIT OF
PERSONAL SERVICE**

Index No.: 00252833

STATE OF NEW YORK   )
                     ) ss.:
COUNTY OF ALBANY   )

    TERRI MARSHALL, being duly sworn, deposes and says:

    1.     Deponent is not a party to this action, is over the age of 18 years and resides in Greene County, New York.

    2.     That on the 22nd day of April 2016, at approximately 2:00 p.m., deponent did serve two copies of a Summons and Verified Complaint, both dated and filed April 15, 2016, in the above-captioned matter pursuant to §306 of the Business Corporation Law upon **Honeywell International, Inc.**, an authorized corporation and a defendant in this action, by personally delivering to and leaving with Chad Matice, Business Document Specialist 1, who advised deponent that he was authorized by the Secretary of State, State of New York to receive such service, at the office of the New York State Department of State, 99 Washington Avenue, 6th Floor, Albany, New York 12231, together with the sum of Forty Dollars ($40.00) payable to the Department of State, the statutory fee.

3.   Description of the person served:

Approximate age: 40
Approximate weight: 170 lbs.
Approximate height: 5'10"
Sex: Male
Color of Hair: Brown
Color of Skin: Caucasian

TERRI MARSHALL

Sworn to before me this
22nd day of April, 2016.

Notary Public
S:\DATA\Client20 17601-18000\17671\Pleadings\AoPS DOS (Honeywell-inactive) 04-22-16.docx

RYAN BALZER
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01BA6248421
QUALIFIED IN ALBANY COUNTY
COMMISSION EXPIRES SEPTEMBER 19, 20__

2016 APR 28  PM 3 31
FRANK J. MEROLA
OFFICE OF
RENSSELAER COUNTY
CLERK